1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  ZANE HUBBARD, | ) Case No.: 1:15-cv-00269-JLT |
| 12            Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| 13       v. | ) DISMISS PETITION FOR LACK OF HABEAS<br>) JURISDICTION (Doc. 1) |
| 14  JEFFREY E. LEWIS, | ) |
| 15            Respondent. | ) ORDER DIRECTING OBJECTIONS TO BE FILED<br>) WITHIN TWENTY-ONE DAYS |
| 16 | ) |
| 17 | ) ORDERING DIRECTING CLERK OF THE<br>) COURT TO ASSIGN DISTRICT JUDGE TO CASE |

18         Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on February 19, 2015.

20         As best the Court can determine, Petitioner challenges various actions or inactions by state

21  courts and agencies, including, inter alia, (1) the failure of the Superior Court of Kings County to

22  address and decide his state habeas petition filed on July 27, 2014,  (2) conditions of confinement that

23  Petitioner characterizes variously as "genocide," "discrimination," and "unreasonable,"  and include

24  allegations of unreasonable surveillance and interrogation of Petitioner, (3) wrongful validation,

25  presumably as a gang member, and (4) factual innocence.  (Doc. 1, p. 14).  As relief, Petitioner seeks

26  (1) a $1,000 fine against the California courts for each instance of the "suspension" of Petitioner's

27  habeas rights, amounting to $4,000; (2) issuance of a writ of mandate compelling the Supreme Court to

28  afford Petitioner relief against the Clerk of the Kings County Superior Court.  (Id., p. 9).

**DISCUSSION**

A.  Habeas Jurisdiction.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges various claims regarding the conditions of his confinement, including placement in solitary confinement, surveillance of Petitioner, interrogation of Petitioner, harassment, and the failure of the Superior Court to properly address the grievances contained in his state habeas case. As mentioned, Petitioner requests monetary sanctions against those state agents as well as issuance of a writ of mandate to require the United States Supreme Court to

admonish the state court and direct it to provide Petitioner with a remedy.  Petitioner is thus clearly

challenging the conditions of his confinement, not the fact or duration of that confinement.  No relief

requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence.

Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint

pursuant to 42 U.S.C. § 1983.

   B.  Mandamus Relief.

   The federal mandamus statute provides: "the district courts shall have original jurisdiction of

any action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  A writ of mandamus is an

extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the

defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt; and

(3) no other adequate remedy is available.  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994)

(citations omitted).

   In Silveyra v. Moschorak, the Ninth Circuit held that the Mandamus Act may be invoked to

compel a federal official to perform a duty owed to a plaintiff who "falls within the 'zone of interests'

protected by the underlying statute."  989 F.2d 1012, 1014 n. 1 (9th Cir. 1993) (citing Jarecki v. United

States, 590 F.2d 670, 675 (7th Cir. 1979)).  Mandamus is appropriate when the official's duty to act is

ministerial in nature and so plain as to be free from doubt.  Id.  Even where an official's responsibilities

are in some respects discretionary, mandamus is appropriate if "'statutory or regulatory standards

delimiting the scope or manner in which such discretion can be exercised . . . have been ignored or

violated.'"  Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564,

566 (10th Cir. 1981)(citation omitted); see also, Work v. United Staes ex rel Rives, 267 U.S. 175, 177,

45 S.Ct. 252, 253 (1925)(mandamus is appropriate if an official transgresses the limits of her

discretion).

   Mandamus relief is only available to compel an officer of the United States to perform a duty;

federal courts are without the power to issue mandamus to direct state courts or their judicial officers in

the performance of their duties.  A petition for mandamus to compel a state court to take or refrain from

1    some action is frivolous as a matter of law.  <u>Demos v. U.S. Dist. Court</u>, 925 F.2d 1160, 1161-72 (9th

2    Cir.) (imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); <u>Clark v.

3    Washington</u>, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought

4    reinstatement); <u>Dunlap v. Corbin</u>, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from

5    federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.

6    1982).

7            In light of the foregoing, this Court has no authority to issue a writ of mandate directed at state

8    courts or agencies.  Moreover, to the extent that Petitioner is requesting issuance of a writ of mandate

9    from this Court against the United States Supreme Court, this Court is an inferior court to the Supreme

10   Court and has no authority to require or direct a higher court to do anything.  Petitioner does not cite,

11   and this Court is not aware of, any authority that would authorize this Court to direct the Supreme

12   Court to act against a state court.

13                                            **<u>ORDER</u>**

14           Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District

15   Judge to this case.

16                                        **<u>RECOMMENDATION</u>**

17           Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be

18   DISMISSED for lack of jurisdiction.

19           This Findings and Recommendation is submitted to the United States District Court Judge

20   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

21   Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21

22   days after being served with a copy, any party may file written objections with the court and serve a

23   copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings

24   and Recommendation."  Replies to the objections shall be served and filed within ten <u>court</u> days (plus

25   three days if served by mail) after service of the objections.  The Court will then review the Magistrate

26   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

27   ///

28

                                                    4

1    The parties are advised that failure to file objections within the specified time may waive the

2    right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5    Dated:   **February 26, 2015**          **/s/ Jennifer L. Thurston**

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28